J-S35024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JERRY C C. JEAN, | |
| Appellant | No. 2297 EDA 2015 |

Appeal from the PCRA Order June 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008323-2008

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 14, 2016**

Appellant, Jerry C C. Jean, appeals from the post-conviction court's June 30, 2015 order denying, as untimely, his second petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts of Appellant's case as follows:

> On April 5, 2008, at approximately 6:00 a.m., [Appellant] was washing dishes in the house he shared with Jocelyn Desay. Desay had told [Appellant] to leave the house the day before and that he was no longer welcome there.  [Appellant] and Desay began to argue and [Appellant] retrieved a razor blade from his room before returning and stabbing Desay three times in her neck, severing her right carotid artery, which resulted in her death.  After stabbing Desay, [Appellant] wrapped her body in a blanket, dragged her body into a bedroom, and hid her body under the bed before cleaning the scene and leaving the house. Desay's body was found by police on April 11, 2008.  On April 12, 2008, [Appellant] provided a statement to police in which he confessed to her murder.

PCRA Court Opinion (PCO), 10/7/15, at 2-3 (citations to the record omitted).

On October 6, 2011, Appellant entered a negotiated guilty plea to the offenses of third-degree murder, abuse of a corpse, criminal trespass, and possessing an instrument of crime. He was sentenced that same day to the negotiated term of 28½ to 57 years' imprisonment. Appellant did not file an appeal from his judgment of sentence.

On April 12, 2012, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed, but he subsequently filed a petition to withdraw and 'no merit' letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The court ultimately dismissed Appellant's petition, and granted counsel's petition to withdraw, by order entered September 4, 2013. Appellant did not file an appeal.

On August 21, 2014, Appellant filed his second *pro se* PCRA petition, which underlies the present appeal. Therein, he raised various claims of ineffective assistance of trial counsel. Appellant also alleged that he satisfied the governmental interference and after-discovered evidence exceptions to the PCRA's one-year time bar. **See** 42 Pa.C.S. § 9545(b)(1)(i) and (ii). On June 3, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant did not respond, and on June 30, 2015, the court issued an order dismissing his petition as being untimely filed.

Appellant filed a timely notice of appeal. On July 27, 2015, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors

complained of on appeal. That order provided Appellant with 21 days to file the statement, and explicitly declared that, "[a]ny issues not contained in a Concise Statement of Errors Complained of on Appeal that is both timely filed of record with the lower court and timely served on the trial judge in accordance with the terms of this ORDER will be deemed to have been waived." Rule 1925(b) Order, 7/27/15. Nevertheless, Appellant failed to file a Rule 1925(b) statement.[1] On October 7, 2015, the PCRA court issued a Rule 1925(a) opinion explaining why the claims raised in Appellant's petition failed to satisfy any exception to the PCRA's timeliness requirement.

Herein, Appellant presents one question for our review: "Did the PCRA [c]ourt error [sic] in dismissing Appellant's PCRA without considering or addressing the timeliness exceptions Appellant raised or allowing him to develop a factual basis?" Appellant's Brief at 4 (unnumbered).

Appellant has waived this claim for our review. The court's Rule 1925(b) order clearly advised Appellant of the time within which he had to

_____

[1] We acknowledge that the PCRA court cites to a Rule 1925(b) statement in its opinion. **See** PCO at 2, 6. However, the lower court's docket does not contain any entry for Appellant's Rule 1925(b) statement, and no concise statement is included in the certified record. The court's order explicitly informed Appellant his statement had to be filed of record *and* served on the PCRA judge. Thus, even if Appellant served the judge with a Rule 1925(b) statement, his failure to also file that statement results in the waiver of his claim. **See Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (stating "Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge[,]" and holding that failure to properly file a concise statement waives any issues that may have been raised).

file a concise statement, and informed him that any issues not raised in a timely-filed statement would be deemed waived. Appellant did not file any Rule 1925(b) statement. Therefore, his issue is waived, regardless of the fact that the PCRA court filed a Rule 1925(a) opinion addressing Appellant's claims. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *In re L.M.*, ("If an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived--even if the Rule 1925(b) statement was served on the trial judge who subsequently addressed in an opinion the issues raised in the Rule 1925(b) statement.") (citing *Commonwealth v. Schofield*, 888 A.2d 771, 773-74 (Pa. 2005)).

In any event, even had Appellant preserved his claim, we would find no error in the PCRA court's decision to dismiss his petition. This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). This Court is required to first address the timeliness of a PCRA petition, because the PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a claim. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2011 and thus, his petition filed in 2014 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b). As mentioned, *supra*, Appellant argues that he meets both the after-discovered evidence exception of section 9545(b)(1)(ii), and the

governmental interference exception of section 9545(b)(1)(i). We will address these arguments in turn.

First, Appellant contends that he "suffers from severe mental illness" that precluded him from ascertaining the facts on which his claim is based, *i.e.*, the ineffectiveness of his trial counsel, until August 20, 2014, when another inmate, Ravanna Spencer, researched and discovered these claims and informed Appellant of them. **See** Appellant's Brief at 7 (unnumbered) (relying on **Commonwealth v. Cruz**, 852 A.2d 287, 293 (Pa. 2003) (holding that "in some circumstances, claims that were defaulted due to the PCRA petitioner's mental incompetence may qualify under the statutory after-discovered evidence exception" of section 9545(b)(1)(ii))).

In rejecting Appellant's argument, the PCRA court reasoned as follows:

> [Appellant] asserts that his claims were unknown to him because of his mental health, and that he "discovered" his claims after a jailhouse paralegal reviewed his case. However, "the general rule [is] that mental illness or psychological condition, absent more, will not serve as an exception to the PCRA's jurisdictional time requirements." **Commonwealth v. Monaco**, 996 A.2d 1076, 1081 (Pa. Super. 2010). The exception is where mental illness or incompetence prevents a defendant from timely raising or communicating claims. **Id.** at 1080-1081 (citing **Commonwealth v. Cruz**, 852 A.2d 287, 294-97 (Pa. 2004)). That exception was applied in **Cruz**, where the defendant was "lobotomized" as a result of a self[-]inflicted gunshot wound and was unable to discuss the facts of his case with his attorney at the time of [his *nolo contendere* plea]. **Cruz**, 852 A.2d at 288. Despite being unable to "discuss the facts of [his] case in [any sort of] sensible way" with his attorney, and without an investigation into his competency, Cruz entered a *nolo contendere* plea. **Id.** The Supreme Court remanded the matter to permit Cruz to attempt to prove that he was incompetent at the time of his plea and that this incompetence constituted

- 6 -

newly discovered evidence that was only discovered upon his return to competency. *Id.* at 297.

The case at bar clearly does not fall within the *Cruz* exception. Here, unlike in *Cruz*, [Appellant's] competency to stand trial was investigated. Prior to the guilty plea hearing, [Appellant] was committed to Norristown State Hospital for treatment and [a] competency evaluation. [Appellant] was later found competent to stand trial and only thereafter did the court accept [Appellant's] guilty plea. In addition, the [c]ourt conducted an extensive oral colloquy of [Appellant] at the time of his plea to determine that [he] voluntarily and intelligently waived his right to trial. At the time of the guilty plea, [Appellant] stated that, while he was suffering from schizophrenia, the illness was in remission and he was being treated with medication.

Moreover, after [Appellant] filed his First Petition, PCRA counsel was appointed by the [c]ourt to evaluate the case for any potential claims. At no time did [Appellant] contend that he was incompetent during the pendency of the First Petition. Accordingly, the record establishes that unlike the defendant in *Cruz*, the mental health of [Appellant] here did not prevent him from timely raising claims either at the time of his guilty plea or [at] the time of his timely filed First Petition. Therefore, [Appellant's] mental health cannot give rise to newly discovered evidence that could render his Second Petition to be timely. *Monaco*, 996 A.2d at 1080-1083; *see Commonwealth v. Liebensperger*, 904 A.2d 40, 46-48 (Pa. Super. 2006) (defendant's mental health not an exception to the PCRA time bar as defendant was evaluated for competence to stand trial, was found competent, and was able to cooperate with counsel).

PCO at 4-6 (citations to the record omitted).

After reviewing Appellant's argument, the record, our Supreme Court's decision in *Cruz*, and the other cases cited by the PCRA court, we ascertain no error in the court's conclusion that *Cruz* is distinguishable from the facts of Appellant's case. Namely, Appellant's competency was investigated prior to his plea, and he was found to be competent. Additionally, he does not

contend that he was incompetent during his first PCRA proceeding, wherein he could have asserted the claims of trial counsel's ineffectiveness he now seeks to litigate. Accordingly, the PCRA court did not err in concluding that Appellant failed to meet the exception of section 9545(b)(1)(ii) based on his mental illness.

Next, Appellant maintains that he meets the governmental interference exception of section 9545(b)(1)(i) because the Department of Corrections (DOC) prohibits inmates from obtaining legal assistance from other inmates, and it does not offer inmates access to an "adequate law library" or "people trained in law to assist inmates in [the] preparation of documents." Appellant's Brief at 9 (unnumbered). Appellant claims that the DOC's policies deny him "access to the courts," thus constituting governmental interference under section 9545(b)(1)(i). *Id.*

Again, the PCRA court's analysis of Appellant's claim confirms that it did not err in dismissing his petition:

> [Appellant] cannot demonstrate that his petition is timely under the governmental interference exception to the PCRA time bar. In his Second Petition, [Appellant] asserted that his Petition was timely under this exception as the Commonwealth had restricted his right to access the courts by: 1) providing a prison law library which [Appellant] was unable to utilize due to his mental capacity; 2) no longer providing outside legal assistance to [Appellant]; and 3) prohibiting inmates from assisting each other in their legal preparations. However, [Appellant] filed a timely First Petition[,] which was reviewed by appointed counsel. Additionally, [Appellant's] ability to access help in the filing of his

Second Petition belies his claim that the prison prevented him from getting such help.[2]  Moreover, the Unites States Supreme Court has held that there is no constitutional right to a jailhouse lawyer. **Shaw v. Murphy**, 121 S.Ct. 1475 (2001); **see also Bronson v. Horn**, 830 A.2d 1092, 1096 (Cmw[l]th[.] Ct. 2003) ("there is no right to a jailhouse lawyer").  As the Commonwealth did not prevent [Appellant] from presenting his claims in a timely manner, [his] reliance upon this exception is unavailing.

PCO at 6-7 (citations to the record omitted).

We agree with the court's rationale.  Notably, Appellant was represented by PCRA counsel during the disposition of his first petition.  He does not allege that the at-issue DOC policies somehow precluded his PCRA attorney from raising the ineffectiveness of counsel claims that Appellant presented in his instant petition.  Accordingly, Appellant has not demonstrated that his "failure to raise the claim previously was the result of interference by government officials with the presentation of the claim…." 42 Pa.C.S. § 9545(b)(1)(i).  Accordingly, the PCRA court did not err in concluding that Appellant failed to satisfy the governmental interference exception to the PCRA's one-year time-bar.

Order affirmed.

---

[2] Appellant's present PCRA petition and his appellate brief were prepared by another inmate, Ravanna Spencer.  **See** Appellant's Brief at 7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/14/2016</u>